UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-20257

SUSAN SOLMAN,

      Plaintiff,

v.

BAPTIST HEALTH SOUTH FLORIDA, INC.;
BAPTIST HEALTH MEDICAL GROUP, INC.; and
DOES 1-10,

      Defendants.

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, BAPTIST HEALTH SOUTH FLORIDA, INC. and BAPTIST HEALTH MEDICAL GROUP, INC. (collectively "Defendants"),[1] file their Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff, SUSAN SOLMAN ("Plaintiff"), as follows:

1.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Amended Complaint and, therefore, deny the same.

2.      Defendants deny the allegations set forth in Paragraph 2 of the Amended Complaint.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint, except admit that Plaintiff purports to proceed as alleged therein.

---

[1]      Defendants are not properly named in this action.  Baptist Outpatient Services, Inc., an affiliate of Defendants, operates and manages the Miami Beach facility referenced in the Amended Complaint and is the only entity that can properly be identified as a defendant in this action.

4.      Defendants admit that Plaintiff visited the Miami Beach facility referenced in the Amended Complaint.  Defendants deny the remaining allegations set forth in Paragraph 4 of the Amended Complaint.

5.      Defendants deny the allegations set forth in Paragraph 5 of the Amended Complaint.

6.      Defendants deny the allegations set forth in Paragraph 6 of the Amended Complaint.

7.      Defendants deny the allegations set forth in Paragraph 7 of the Amended Complaint.

8.      Defendants deny the allegations set forth in Paragraph 8 of the Amended Complaint.

9.      The allegations set forth in Paragraph 9 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

10.     The allegations set forth in Paragraph 10 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.  Defendants deny that Plaintiff is entitled to the relief she seeks as alleged in Paragraph 10 of the Amended Complaint, including sub-Paragraphs a through c thereto.

11.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint and, therefore, deny the same.

12.     Defendants admit the allegations set forth in Paragraph 12 of the Amended Complaint, but deny that Baptist Health South Florida, Inc. is a proper party to this action.

13.     Defendants admit the allegations set forth in Paragraph 13 of the Amended Complaint, but deny that Baptist Health Medical Group, Inc. is a proper party to this action.

14.     Defendants admit that Plaintiff has visited facilities in the Baptist Health South Florida medical network, including its facility located at 709 Alton Road, Miami Beach, Florida. Defendants deny the remaining allegations set forth in Paragraph 14 of the Amended Complaint.

15.     The allegations set forth in Paragraph 15 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

16.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint and, therefore, deny the same.

17.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint and, therefore, deny the same.

**FACTUAL BACKGROUND**

**Dr. Soman Has Been Denied Full and Equal Access to Defendants' Facilities**

In response to the unnumbered statement preceding Paragraph 18 of the Amended Complaint, Defendants deny that Plaintiff was denied full and equal access to Defendants' facilities.

18.     Defendants admit that Plaintiff has visited the facility located at 709 Alton Road, Miami Beach, Florida for medical services.  Defendants deny the remaining allegations set forth in Paragraph 18 of the Amended Complaint.

19.     Defendants are without knowledge sufficient to form a belief as to the truth of whether Plaintiff utilizes a wheelchair for mobility and, therefore, deny the same.  Defendants aver that Plaintiff refused to leave the facility when she disagreed with the reasonable accommodation offered to her which resulted in the cancellation and delay of other patients' appointments that day.  Defendants deny the remaining allegations set forth in Paragraph 19 of the Amended Complaint, including the bulleted sub-Paragraphs thereto.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Amended Complaint, including sub-Paragraphs a through d thereto.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Amended Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint.

**JURISDICTION AND VENUE**

23.     The allegations set forth in Paragraph 23 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

24.     The allegations set forth in Paragraph 24 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

25.     The allegations set forth in Paragraph 25 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE ADA, TITLE III**
**[42 U.S.C. §§ 12101, et seq.]**

26.     Defendants restate each and every response set forth in the foregoing paragraphs of this Answer to the Amended Complaint with the same force and effect as if more fully set forth herein.

27.     The allegations set forth in Paragraph 27 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

28.     The allegations set forth in Paragraph 28 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

29.     Defendants are without knowledge sufficient to form a belief as to the truth of whether Plaintiff has been substantially limited in the major life activity of walking and, therefore,

deny the same.  The remaining allegations set forth in Paragraph 29 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

30.     The allegations set forth in Paragraph 30 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

31.     The allegations set forth in Paragraph 31 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

32.     The allegations set forth in Paragraph 32 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

33.     The allegations set forth in Paragraph 33 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Amended Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Amended Complaint.

## SECOND CAUSE OF ACTION
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

37.     Defendants incorporate their responses to the allegations in Paragraphs 1 through 25 of the Amended Complaint as if set forth herein.

38.     The allegations set forth in Paragraph 38 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

39.     The allegations set forth in Paragraph 39 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

40.     The allegations set forth in Paragraph 40 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

41.     The allegations set forth in Paragraph 41 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

42.     The allegations set forth in Paragraph 42 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

43.     The allegations set forth in Paragraph 43 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

44.     The allegations set forth in Paragraph 44 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Amended Complaint.

## **PRAYER FOR RELIEF**

In response to the unnumbered "Wherefore" clause following Paragraph 51 of the Amended Complaint, including sub-Paragraphs A through H thereto, Defendants deny that Plaintiff is entitled to judgment against it or any of the relief requested in this action.

## **GENERAL DENIAL**

Defendants deny any allegation not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff cannot state a claim pursuant to the Americans with Disabilities Act because Plaintiff cannot show she was either excluded from participation in or denied the benefits of Defendants' services, programs, activities or was otherwise discriminated against by Defendants because of his disability by Defendants.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

### THIRD DEFENSE

At all times relevant to this action, Defendant's actions were in good faith and it had reasonable grounds for believing those actions were not in violation of any law.

### FOURTH DEFENSE

Plaintiff's demands are not readily achievable as that term is defined in Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iv).

### FIFTH DEFENSE

Plaintiff's demands are not readily achievable, not reasonable, not required, and/or not technically feasible under the ADA, and would create an undue hardship for Defendant, and may be prevented by architectural and other factors such as municipal building codes and/or ordinances.

### SIXTH DEFENSE

There is no causal connection between Defendant's action or inaction and any injury allegedly suffered by Plaintiff.

**SEVENTH DEFENSE**

Plaintiff does not have a legitimate and/or bona fide intent to be a patron of the facilities in the Baptist Health network, including the Miami Beach location identified in the Amended Complaint other than for the purpose of pursuing litigation and, therefore, lacks standing to bring these claims.

**EIGHTH DEFENSE**

Plaintiff has not suffered and is not suffering irreparable harm and, as such, no injunctive or declaratory relief is warranted.

**NINTH DEFENSE**

Plaintiff has failed to specify or demonstrate actual harm allegedly suffered as a result of Defendants' alleged violations of the ADA and Section 504 of the Rehabilitation Act; as such, Plaintiff lacks standing to pursue her claims.

**TENTH DEFENSE**

Plaintiff's Amended Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiff's use of the physical property at issue for their intended purpose. Defendants asserts that *de minimis* violations of federal regulations are not actionable or enjoinable.

**ELEVENTH DEFENSE**

Plaintiff has failed to mitigate her damages and failed to meet conditions precedent to bringing this suit including, but not limited to, failing to provide Defendants with adequate notice of the alleged deficiencies and failing to give Defendants any reasonable opportunity to cure any alleged deficiencies prior to filing suit.

## TWELTH DEFENSE

Plaintiff's claims are barred by the doctrine of equivalent facilitation, in that Defendants provided substantially equivalent or greater access to and usability of its facilities and services.

## THIRTIENTH DEFENSE

Plaintiff may lack clean hands or possess an improper purpose in filing this action, thus barring equitable remedies.  Plaintiff's primary motive in filing this action may be the generation of attorneys' fees and expert witness payments.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees under the ADA to the extent Defendants has or will take appropriate measures to remedy the alleged barriers to access.  Indeed, the Miami Beach facility at issue in the Amended Complaint is equipped with a floor lift specifically designed for patient transfer.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have already been remediated.  Indeed, the Miami Beach facility at issue in the Amended Complaint is equipped with a floor lift specifically designed for patient transfer.

## SIXTEENTH DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred to the extent Plaintiff never made any request for reasonable modifications of policies, practices or procedures, or for the provision of auxiliary aids or services, as would be required to pursue claims for Defendants' alleged failure to provide reasonable modifications or auxiliary aids or services.

CASE NO. 1:24-cv-20257

## SEVENTEENTH DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes upon which Plaintiff's claims are based.

## EIGHTEENTH DEFENSE

Any allegedly wrongful acts or omissions performed by Defendants or their respective agents, if any, do not subject Defendants to liability because Defendants were ready and willing to accommodate Plaintiff's alleged disabilities by providing access via alternative methods, and in fact, did so by way of scheduling Plaintiff's diagnostic testing at a nearby facility. Further, the Miami Beach facility at issue in the Amended Complaint is equipped with a floor lift specifically designed for patient transfer.

## NINETEENTH DEFENSE

Plaintiff's claim for compensatory damages is barred under Section 504 of the Rehabilitation Act because any denial of services to Plaintiff, if any, was not the result of intentional discrimination. Further, to the extent Plaintiff seeks damages relating to the difference in cost of medical treatment/testing received, Plaintiff was charged the same amount(s) she would have been charged had she received said treatment/testing at the subject facility.

## TWENTIETH DEFENSE

Plaintiff's claims under Section 504 of the Rehabilitation Act are barred to the extent that even if the subject facility could not accommodate Plaintiff's diagnostic testing, Plaintiff was not denied access to the diagnostic testing program, and in fact, received identical testing at a partner facility of Defendants.

## TWENTY-FIRST DEFENSE

Plaintiff cannot state a claim pursuant to the Americans with Disabilities Act because current federal law does not require Defendants to implement the policies and procedures demanded by Plaintiff.

## TWENTY-SECOND DEFENSE

To the extent any barriers to accessibility or services existed, Defendants provided legally sufficient alternative access and equivalent facilitation of said services.

## TWENTY-THIRD DEFENSE

At the time Plaintiff visited the Baptist-affiliated facility in Miami Beach, Florida on December 23, 2022, Plaintiff refused to leave the examination room for an extended period of time which resulted in Defendants having to cancel or delay the medical appointments of other patients, resulting in a loss of revenue.  To the extent Plaintiff is entitled to any damages in this action, Defendants are entitled to a set-off in the amount of the value of lost revenue and patient goodwill directly attributable to Plaintiff's actions.

## TWENTY-FOURTH DEFENSE

To the extent Plaintiff seeks relief relating to facilities of Defendants or Baptist Health outside of the subject facility she visited on December 23, 2022 as referenced in the Amended Complaint, Plaintiff lacks standing to seek such relief because she has not suffered a concrete injury at any such facilities and has no basis to seek relief relating to any such facilities.

## <u>RESERVATION OF RIGHTS</u>

Defendants reserve the right to raise additional affirmative defenses as discovery may reveal additional information.

WHEREFORE, having fully answered the Amended Complaint and having raised affirmative defenses thereto, Defendants respectfully request that this Court: (i) enter judgment in their favor and against Plaintiff; (ii) award Defendants their attorneys' fees and costs incurred in defending against this action; and (iii) grant such further relief as the Court deems just and proper.

Dated: March 29, 2024

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:   305-577-7600

*s/ Scott S. Allen*
Scott S. Allen, Esq.
Florida Bar No. 143278
Email: *scott.allen@jacksonlewis.com*
Ryan B. Weiss, Esq.
Florida Bar No. 114479
Email: *ryan.weiss@jacksonlewis.com*

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 29th day of March 2024, a true and correct copy of the foregoing document was served on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Scott S. Allen*
Scott S. Allen, Esq.

## SERVICE LIST

John B. Rosenquest IV
Fla. Bar No. 48431
*jay@rosenquestlawfirm.com*
ROSENQUEST LAW FIRM P.A.
8325 NE 2nd Avenue, Suite 114
Miami, Florida 33138
Phone: (305) 607-5115

Benjamin J. Sweet
*ben@nshmlaw.com*
NYE, STIRLING, HALE, MILLER &
SWEET LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Phone: (412) 742-0631
*To Seek Pro Hac Vice Admission*

Jonathan D. Miller
*jonathan@nshmlaw.com*
Alison M. Bernal
*alison@nshmlaw.com*
NYE, STIRLING, HALE, MILLER &
SWEET LLP
33 W. Mission Street, Suite 201
Santa Barbara, CA 93101
Phone: (805) 963-2345
*To Seek Pro Hac Vice Admission*

*Counsel for Plaintiff*[2]

Scott S. Allen, Esq.
Florida Bar No. 143278
Email: *scott.allen@jacksonlewis.com*
Ryan B. Weiss, Esq.
Florida Bar No. 114479
Email: *ryan.weiss@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendants*

---

[2]     Defendants note that Plaintiff's counsel, Benjamin Sweet, Jonathan Miller, and Nye, Stirling, Hale, Miller & Sweet LLP, have not been admitted to practice before this Court, pro hac vice or otherwise.