UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-20257-JLK

SUSAN SOLMAN,

      Plaintiff,

v.

BAPTIST HEALTH SOUTH FLORIDA, INC.;
BAPTIST HEALTH MEDICAL GROUP, INC.;
and DOES 1-10,

      Defendants.

_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, BAPTIST HEALTH SOUTH FLORIDA, INC. and BAPTIST HEALTH MEDICAL GROUP, INC. (collectively "Defendants"),[1] file their Answer and Affirmative Defenses to the Second Amended Complaint filed by Plaintiff, SUSAN SOLMAN ("Plaintiff"), as follows:

### NATURE OF THE ACTION

1.      Defendants deny the allegations set forth in Paragraph 1 of the Second Amended Complaint, except admit that Plaintiff purports to proceed as alleged therein.  Defendants deny that Plaintiff is entitled to any of the damages and relief sought and that Defendants violated Plaintiff's rights under the cited statutory provisions.

---

[1]      Defendants are not properly named in this action, as neither Defendant owns and/or operates any facility identified in the Second Amended Complaint.

2.      Defendants deny that they violated the statutory provisions cited in Paragraph 2 of the Second Amended Complaint.  The remaining allegations set forth in Paragraph 2 of the Second Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint.  The website and information contained therein speaks for itself.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Second Amended Complaint.

5.      Defendants deny the allegations set forth in Paragraph 5 of the Second Amended Complaint, except admit that Plaintiff purports to proceed as alleged therein.  Defendants deny that Plaintiff is entitled to any of the damages and relief sought and that Defendants violated Plaintiff's rights under the cited statutory provisions.  Defendants further deny that Plaintiff has standing to pursue this action as a class/collective action on behalf of others purportedly similarly situated.

6.      Defendants deny the allegations set forth in Paragraph 6 of the Second Amended Complaint, except admit that Plaintiff purports to proceed as alleged therein.  Defendants deny that Plaintiff is entitled to any of the damages and relief sought and that Defendants violated Plaintiff's rights under the cited statutory provisions.

**<u>PARTIES</u>**

7.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Second Amended Complaint and, therefore, deny the same.

8.      Defendants admit the allegations set forth in Paragraph 8 of the Second Amended Complaint, but deny that Baptist Health South Florida, Inc. is a proper party to this action.

9.      Defendants admit the allegations set forth in Paragraph 9 of the Second Amended Complaint, but deny that Baptist Health Medical Group, Inc. is a proper party to this action.

10.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Second Amended Complaint and, therefore, deny the same.

11.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Second Amended Complaint and, therefore, deny the same.

## JURISDICTION AND VENUE

12.     The allegations set forth in Paragraph 12 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

13.     The allegations set forth in Paragraph 13 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

14.     The allegations set forth in Paragraph 14 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

## FACTUAL BACKGROUND

### I.      DEFENDANTS' POLICIES, PRACTICES, AND PROCEDURES

15.     Defendants admit that they maintain various policies, practices, and procedures including, but not limited to, Policy No. BHM-20200-66560-450-01.   Defendants deny the remaining allegations set forth in Paragraph 15 of the Second Amended Complaint, as the ADA Policy speaks for itself.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Second Amended Complaint.  The ADA Policy speaks for itself.

17.     Defendants deny the allegations set forth in Paragraph 17 of the Second Amended Complaint.  The ADA Policy speaks for itself.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Second Amended Complaint.  The ADA Policy speaks for itself.

19.     Defendants deny the allegations set forth in Paragraph 19 of the Second Amended Complaint.  The ADA Policy speaks for itself.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Second Amended Complaint.  The ADA Policy speaks for itself.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Second Amended Complaint.  The ADA Policy speaks for itself.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Second Amended Complaint.  The ADA Policy speaks for itself.

23.     Defendants deny the allegations set forth in Paragraph 23 of the Second Amended Complaint.  The ADA Policy speaks for itself.

## II.   DEFENDANTS' LACK OF TRAINING

24.   Defendants deny the allegations set forth in Paragraph 24 of the Second Amended Complaint.

## III.   DEFENDANTS' DENIAL OF SERVICES, FACILITIES, PRIVILEGES, ADVANTAGES, AND ACCOMODATIONS TO PLAINTIFF

25.   Defendants deny the allegations set forth in Paragraph 25 of the Second Amended Complaint.

26.   Defendants deny the allegations set forth in Paragraph 26 of the Second Amended Complaint.

27.   Defendants deny the allegations set forth in Paragraph 27 of the Second Amended Complaint.

28.   Defendants admit that Plaintiff visited the facility located at 709 Alton Road, Suite 100, Miami Beach, Florida, 3319 on August 2, 2022.  Defendants deny the remaining allegations set forth in Paragraph 28 of the Second Amended Complaint.

29.   Defendants admit that Plaintiff visited a Baptist Health network facility for surgery on August 17, 2022 to August 22, 2022.  Defendants deny the allegations set forth in Paragraph 29 of the Second Amended Complaint.

30.   Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Second Amended Complaint and, therefore, deny the same.

31.   Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Second Amended Complaint and, therefore, deny the same.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Second Amended Complaint, including sub-paragraphs a through d.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Second Amended Complaint, including sub-paragraphs a through d.

34.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Second Amended Complaint and, therefore, deny the same.

35.     Admitted that Plaintiff placed a call within the Baptist Health network on May 3, 2023.  Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35 of the Second Amended Complaint and, therefore, deny the same.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Second Amended Complaint.

37.     Defendants are without knowledge sufficient to form a belief as to Plaintiff's intent to seek Defendants' healthcare services in the future and, therefore, deny the same.  Defendants deny the remaining allegations set forth in Paragraph 37 of the Second Amended Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Second Amended Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Second Amended Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Second Amended Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Second Amended Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Second Amended Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Second Amended Complaint.

## **CLASS ASSERTIONS**

44.     The referenced statute(s) speak for themselves.  Defendants deny the allegations set forth in Paragraph 44 of the Second Amended Complaint, including that Plaintiff may bring her claims as a class action, except admit that Plaintiff purports to proceed as alleged therein.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Second Amended Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Second Amended Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Second Amended Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Second Amended Complaint.

49.     The referenced statute speaks for itself.  Defendants deny that class certification is appropriate and further deny the remaining the allegations set forth in Paragraph 49 of the Second Amended Complaint

50.     The referenced statute(s) speak for themselves.  Defendants deny that class certification is appropriate, that permanent injunction relief is warranted, and further deny the remaining allegations set forth in Paragraph 50 of the Second Amended Complaint.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE ADA, TITLE III**
**[42 U.S.C. §§ 12101, et seq.]**

51.     Defendants restate each and every response set forth in the foregoing paragraphs of the Second Amended Complaint with the same force and effect as if fully set forth herein.

52.     The referenced statute speaks for itself.  The allegations set forth in Paragraph 52 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

53.     The referenced statute speaks for itself.  The allegations set forth in Paragraph 53 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

54.     The referenced statute speaks for itself. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Second Amended Complaint and, therefore, deny the same.  The allegations set forth in Paragraph 54 also contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

55.     The referenced statute speaks for itself.  Defendants deny the allegations set forth in Paragraph 55 of the Second Amended Complaint.

56.     The referenced statute speaks for itself.  The allegations set forth in Paragraph 56 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

57.     The referenced statute speaks for itself.  The allegations set forth in Paragraph 57 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Second Amended Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Second Amended Complaint.

60.     The allegations set forth in Paragraph 60 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Second Amended Complaint.

62.     The allegations set forth in Paragraph 62 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

63.     Defendants deny that Plaintiff is entitled to the relief she seeks as alleged in Paragraph 63 of the Second Amended Complaint, including sub-Paragraphs a through c thereto.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Second Amended Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Second Amended Complaint.

## SECOND CAUSE OF ACTION
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
## [42 U.S.C. §§ 12101, et seq.]

66.    Defendants incorporate their responses to the allegations in the above paragraphs of the Second Amended Complaint as if set forth herein.[2]

67.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Second Amended Complaint and, therefore, deny the same.  The allegations set forth in Paragraph 67 also contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

68.    The allegations set forth in Paragraph 68 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

69.    The allegations set forth in Paragraph 69 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

70.    The allegations set forth in Paragraph 70 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

71.    The allegations set forth in Paragraph 71 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

---

[2]    Plaintiff improperly incorporates Paragraphs 51-65, the allegations asserted in Count I, into Count II.  Incorporation of one count into another count is an improper pleading practice.

72.    The allegations set forth in Paragraph 72 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

73.    The allegations set forth in Paragraph 73 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

74.    Defendants deny the allegations set forth in Paragraph 74 of the Second Amended Complaint.

75.    Defendants deny the allegations set forth in Paragraph 75 of the Second Amended Complaint.

76.    Defendants deny the allegations set forth in Paragraph 76 of the Second Amended Complaint.

77.    Defendants deny the allegations set forth in Paragraph 77 of the Second Amended Complaint.

78.    Defendants deny the allegations set forth in Paragraph 78 of the Second Amended Complaint.

79.    Defendants deny the allegations set forth in Paragraph 79 of the Second Amended Complaint.

## THIRD CAUSE OF ACTION
## VIOLATION OF SECTION 1557 OF THE PATIENT PROTECTION
## AND AFFORDABLE CARE ACT
## [42 U.S.C. § 18116]

80.    Defendants incorporate their responses to the allegations in the preceding paragraphs of the Second Amended Complaint as if set forth herein.[3]

81.    The allegations set forth in Paragraph 81 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

82.    The allegations set forth in Paragraph 82 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

83.    The allegations set forth in Paragraph 83 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

84.    The allegations set forth in Paragraph 84 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

85.    The allegations set forth in Paragraph 85 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

---

[3]    Plaintiff improperly incorporates Paragraphs 51-79, the allegations asserted in Counts I and II, into Count III.  Incorporation of one count into another count is an improper pleading practice.

86.     The allegations set forth in Paragraph 86 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

87.     The allegations set forth in Paragraph 87 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Second Amended Complaint.

89.     The allegations set forth in Paragraph 89 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Second Amended Complaint.

## PRAYER FOR RELIEF

In response to the unnumbered "Wherefore" clause following Paragraph 90 of the Second Amended Complaint, including sub-Paragraphs A through I thereto, Defendants deny that Plaintiff is entitled to judgment against it or any of the relief requested in this action.

## GENERAL DENIAL

Defendants deny any allegation not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

Plaintiff and/or the putative class members has/have failed to state a claim upon which relief may be granted because she cannot show she was either excluded from participation in or

denied the benefits of Defendants' services, programs, activities or was otherwise discriminated against by Defendants because of her disability by Defendants.

## SECOND DEFENSE

Plaintiff's claims and/or the claims of the putative class members are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

## THIRD DEFENSE

At all times relevant to this action, Defendants' respective actions were in good faith and they had reasonable grounds for believing those actions were not in violation of any law.

## FOURTH DEFENSE

Plaintiff's demands and/or those of the putative class members are not readily achievable as that term is defined in Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iv).

## FIFTH DEFENSE

Plaintiff's demands and/or those of the putative class members are not readily achievable, not reasonable, not required, and/or not technically feasible under the ADA, and would create an undue hardship for Defendants, and may be prevented by architectural and other factors such as municipal building codes and/or ordinances.

## SIXTH DEFENSE

Plaintiff and/or the putative class members does/do not have a legitimate and/or bona fide intent to be a patron of the facilities identified in the Second Amended Complaint other than for the purpose of pursuing litigation and, therefore, lack/s standing to bring these claims.

## SEVENTH DEFENSE

Plaintiff and/or the putative class members has/have not suffered and is not suffering irreparable harm and, as such, no injunctive or declaratory relief is warranted.

## EIGHTH DEFENSE

Plaintiff and/or the putative class members has/have failed to specify or demonstrate actual harm allegedly suffered as a result of Defendants' alleged violations of the ADA, Section 504 of the Rehabilitation Act, and the Affordable Care Act; as such, Plaintiff and/or the putative class members lack/s standing to pursue her/their claims.

## NINTH DEFENSE

Plaintiff's Second Amended Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiff's and/or the putative class members' use of the physical property at issue for their intended purpose.  Defendants assert that *de minimis* violations of federal regulations are not actionable or enjoinable.

## TENTH DEFENSE

Plaintiff and/or the putative class members has/have failed to mitigate her/their damages and failed to meet conditions precedent to bringing this suit including, but not limited to, failing to provide Defendants with adequate notice of the alleged deficiencies and failing to give Defendants any reasonable opportunity to cure any alleged deficiencies prior to filing suit.

## ELEVENTH DEFENSE

Plaintiff's claims and/or the claims of the putative class members are barred by the doctrine of equivalent facilitation, in that Defendants provided substantially equivalent or greater access to and usability of all facilities and services.

## TWELTH DEFENSE

Plaintiff and/or the putative class members may lack clean hands or possess an improper purpose in filing this action, thus barring equitable remedies.  Plaintiff's and/or the putative class

members' primary motive in filing this action may be the generation of attorneys' fees and expert witness payments as evidenced, in part, by Plaintiff's improper attempt to include Helen Swartz as a plaintiff in this action.

### THIRTEENTH DEFENSE

Plaintiff's claims and/or the claims of the putative class members are barred by the doctrine of *in pari delicto* because Plaintiff and/or the putative class members knowingly and intentionally put herself/themselves in a position where she may encounter barriers for the purpose of creating legal claims. Plaintiff and/or the putative class members had every opportunity to avoid encountering the barriers alleged in the Second Amended Complaint and chose not to do so.

### FOURTEENTH DEFENSE

Plaintiff and/or the putative class members is/are not entitled to recover attorneys' fees and/or costs to the extent Defendants have or will take appropriate measures to remedy the alleged barriers to access.  Specifically, equipment and training have been furnished to the facilities at issue and their employees, resolving the purported violations alleged in the Second Amended Complaint.

### FIFTEENTH DEFENSE

Plaintiff's claims and/or the claims of the putative class members are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff and/or the putative class members, if there were any, have already been remediated.  Specifically, equipment and training have been furnished to the facilities at issue and their employees, rendering the relief sought by Plaintiff and the putative class members moot.

**SIXTEENTH DEFENSE**

Plaintiff's Second Amended Complaint and the causes of action alleged therein are barred to the extent Plaintiff and/or the putative class members never made any request for reasonable modifications of policies, practices or procedures, or for the provision of auxiliary aids or services, as would be required to pursue claims for Defendants' alleged failure to provide reasonable modifications or auxiliary aids or services.

**SEVENTEENTH DEFENSE**

Plaintiff's Second Amended Complaint and the causes of action alleged therein are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes upon which Plaintiff's claims and/or the claims of the putative class members are based.

**EIGHTEENTH DEFENSE**

Any allegedly wrongful acts or omissions performed by Defendants or their respective agents, if any, do not subject Defendants to liability because Defendants were ready and willing to accommodate Plaintiff's and the putative class members' alleged disabilities by providing access via alternative methods, and in fact, did so by way of scheduling and/or offering to schedule her/their medical treatment at nearby facilities.

**NINETEENTH DEFENSE**

Plaintiff's claim and/or the claims of the putative class members for compensatory damages is/are barred under Section 504 of the Rehabilitation Act because any denial of services to Plaintiff and/or the putative class members, if any, was not the result of intentional discrimination.  Further, to the extent Plaintiff and/or the putative class members seek/s damages relating to the difference in cost of medical treatment/testing received, Plaintiff and/or the putative

class members was/were charged the same amount(s) she/they would have been charged had she/they received said treatment/testing at the subject facility.

### TWENTIETH DEFENSE

Plaintiff's claims and/or the claims of the putative class members under Section 504 of the Rehabilitation Act are barred to the extent that Plaintiff/they was/were not denied access to any program offered by Defendants, and in fact, was able to obtain all medical treatment sought.

### TWENTY-FIRST DEFENSE

Plaintiff and/or the putative class members cannot state a claim pursuant to the Americans with Disabilities Act because current federal law does not require Defendants to implement the policies and procedures demanded by Plaintiff and/or the putative class members.

### TWENTY-SECOND DEFENSE

To the extent any barriers to accessibility or services existed, Defendants provided legally sufficient alternative access and equivalent facilitation of said services.

### TWENTY-THIRD DEFENSE

At the time Plaintiff visited the Baptist-affiliated facility in Miami Beach, Florida on December 23, 2022, Plaintiff refused to leave the examination room for an extended period of time, exclaiming, "if I cannot receive treatment, no one can," which resulted in cancellations and/or delays of medical appointments of other patients, resulting in a loss of revenue.  To the extent Plaintiff is entitled to any damages in this action, Defendants are entitled to a set-off in the amount of the value of lost revenue and patient goodwill directly attributable to Plaintiff's actions.

### TWENTY-FOURTH DEFENSE

To the extent Plaintiff and/or the putative class members seek/s relief relating to facilities not identified in the Second Amended Complaint, Plaintiff and the putative class members lack/s

standing to seek such relief because she/they has/have not suffered a concrete injury at any such facilities and has no basis to seek relief relating to any such facilities.

### TWENTY-FIFTH DEFENSE

Defendants are informed and believe, and on that basis allege, that Plaintiff and/or the putative class members is/are excluded from recovering any amounts which have been, or will, indemnify Plaintiff and the putative class members for any past or future claimed medical expenses, health care, life care, or other economic loss or benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### TWENTY-SIXTH DEFENSE

Defendants are informed and believe, and on that basis allege, that to the extent Plaintiff failed to take reasonable steps to utilize the resources, service benefits, and coverage available to her under the Patient Protection and Affordable Care Act, Plaintiff and/or the putative class members has/have failed to mitigate her/their damages and cannot recover for such failure.

### TWENTY-SEVENTH DEFENSE

Some or all of the claims asserted in the Second Amended Complaint are barred because a class action would be unmanageable and is not superior to other available methods for the fair and efficient adjudication of this controversy.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims cannot meet the conditions precedent and requirements of Federal Rule of Civil Procedure 23 for class certification.

### TWENTY-NINTH DEFENSE

Plaintiff is not similarly situated to other putative class members.

### THIRTIETH DEFENSE

Neither the claims asserted by Plaintiff nor the defenses available to and asserted by Defendants are typical of the claims of the putative class.

### THIRTY-FIRST DEFENSE

The claims asserted by Plaintiff do not raise questions of law or fact common to the class. To the extent any common issues exist or are asserted they are insignificant compared to the issues particular and unique to Plaintiff and/or the putative class members.

### THIRTY-SECOND DEFENSE

Neither Plaintiff nor her counsel are proper representatives and she/they cannot fairly and adequately protect the interest of the putative class.

### THIRTY-THIRD DEFENSE

Any attempts by Plaintiff and/or any putative class members to seek class certification based on the claimed disabilities of other patients or prospective patients are barred and precluded from disclosure by the confidentiality requirements of Health Insurance Portability and Accountability Act ("HIPAA").

### THIRTY-FOURTH DEFENSE

Some or all of the claims in the Second Amended Complaint are barred because the named Plaintiff lacks standing to represent the purported collective action members. Plaintiff is not entitled to maintain this lawsuit as a class action. Plaintiff cannot satisfy the numerosity, commonality, typicality, and/or the adequate representative standards and/or requirements necessary for this case to proceed as an opt-in class or collective action.

### THIRTY-FIFTH DEFENSE

The types of claims Plaintiff has alleged on her own behalf and on behalf of others are claims in which individual questions predominate for which class treatment is not appropriate.

### THIRTY-SIXTH DEFENSE

Plaintiff and the alleged putative class members are not entitled to any equitable or injunctive relief because they have suffered no irreparable injury based on any alleged conduct of Defendants, and Plaintiff and/or the putative class members have an adequate remedy at law for any such alleged conduct.

### THIRTY-SEVENTH DEFENSE

Plaintiff's recovery and the recovery for the putative class are barred in whole or in part to the extent that they seek damages that would constitute a duplicative recovery.

### THIRTY-EIGHTH DEFENSE

Plaintiff and/or the putative class members' claims may be barred because the relief sought by Plaintiff and/or the putative class members would, if granted, unjustly enrich Plaintiff and/or the putative class members.

### THIRTY-NINTH DEFENSE

This lawsuit may have been filed in bad faith and/or for unfounded, unreasonable, or objectively frivolous reasons, thereby barring Plaintiff and some or all of the putative class members from recovering on any cause of action in the Second Amended Complaint, and entitling Defendants to recover their costs of suit incurred herein, including reasonable attorneys' fees.

### RESERVATION OF RIGHTS

Defendants reserve the right to raise additional affirmative defenses as discovery may reveal additional information.

CASE NO. 1:24-cv-20257-JLK

WHEREFORE, having fully answered the Second Amended Complaint and having raised affirmative defenses thereto, Defendants respectfully request that this Court: (1) enter judgment in their favor and against Plaintiff; (2) award Defendants their attorneys' fees and costs incurred in defending against this action; and (3) grant such further relief as the Court deems just and proper.

Dated: September 16, 2024

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600

*s/ Scott S. Allen*
Scott S. Allen, Esq.
Florida Bar No.: 0143278
Email: *scott.allen@jacksonlewis.com*
Ryan B. Weiss, Esq.
Florida Bar No. 114479
Email: *ryan.weiss@jacksonlewis.com*

And

Joseph J. Lynett, Esq.
*Pro Hac Vice Admission*
Email: *joseph.lynett@jacksonlewis.com*
JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

*Counsel for Defendants, Baptist Health South Florida, Inc. and Baptist Health Medical Group Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 16th day of September 2024, a true and correct copy of the foregoing document was served on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Scott S. Allen*
Scott S. Allen, Esq.

## SERVICE LIST

John B. Rosenquest IV, Esq,
Florida Bar No. 48431
Email: *jay@rosenquestlawfirm.com*
ROSENQUEST LAW FIRM P.A.
8325 NE 2nd Avenue, Suite 114
Miami, Florida 33138
Phone: (305) 607-5115

Benjamin J. Sweet, Esq.
Email: *ben@nshmlaw.com*
NYE, STIRLING, HALE, MILLER &
SWEET LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Phone: (412) 742-0631
*Pro Hac Vice Admission*

Jonathan D. Miller, Esq.
Email: *jonathan@nshmlaw.com*
Alison M. Bernal, Esq.
Email: *alison@nshmlaw.com*
NYE, STIRLING, HALE, MILLER &
SWEET LLP
33 W. Mission Street, Suite 201
Santa Barbara, CA 93101
Phone: (805) 963-2345
*Pro Hac Vice Admission*

*Counsel for Plaintiff*

Scott S. Allen, Esq.
Florida Bar No. 143278
Email: *scott.allen@jacksonlewis.com*
Ryan B. Weiss, Esq.
Florida Bar No. 114479
Email: *ryan.weiss@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

Joseph J. Lynett, Esq.
Email: *joseph.lynett@jacksonlewis.com*
JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000
*Pro Hac Vice Admission*

*Counsel for Defendants, Baptist Health South
Florida, Inc. and Baptist Health Medical
Group Inc.*